UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARL LEONGUERRERO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>Defendant. | CASE NO. C17-1271-MAT<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Carl Leonguerrero Cruz proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1971.[1] He has some college education, and has worked as a

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

cook, electronics technician, and collections operations manager. (AR 50-59.)

Plaintiff protectively applied for SSI and DIB in May 2014. (AR 202-09.) Those applications were denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 134-41, 146-52.)

On October 20, 2015, ALJ Marilyn Mauer held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 45-85.) On May 4, 2016, the ALJ issued a decision finding Plaintiff not disabled. (AR 23-39.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on June 27, 2017 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since April 30, 2014, the alleged onset date. (AR 25.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's anxiety disorder, NOS; adjustment disorder with anxiety; dizziness with no physical etiology established; post-concussion syndrome with mild neurocognitive deficit; and tinnitus. (AR 25-26.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 27-28.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a range of medium work, with additional limitations. He cannot climb ladders, ropes, or scaffolds. He can frequently climb ramps and stairs and frequently stoop, crouch, crawl, and kneel. He cannot be exposed to hazards such as unprotected heights and large moving equipment. He cannot operate motor vehicles. He can understand, remember, and carry out simple instructions for tasks that require no decision making, in a setting without teamwork, public contact, or an hourly production pace. He cannot work in a high-noise environment. He can frequently handle, finger, and feel. (AR 28.) With that assessment, the ALJ found Plaintiff unble to perform past relevant work. (AR 37.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of adjusting to other representative occupations, including janitor, lumber sorter, hand packager, pricing marker, package sorter, and production assembler. (AR 37-39.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's

1 decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding his sleep apnea and restless leg syndrome to be not severe at step two, and in failing to account for limitations caused by those impairments in the RFC assessment; and (2) finding that he did not meet any of the neurological listings at step three.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Step two</u>

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28). A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show his medically determinable impairments are severe. 20 C.F.R. §§ 404.1521, 416.921.

In this case, the ALJ found that Plaintiff's "nonspecific breathing concern" and restless leg syndrome were not severe impairments at step two, because the diagnoses were made based on subjective reports and there was no "objective evidence" that either of these conditions caused significant functional limitations. (AR 26.)

---

[2] Plaintiff initially included an additional assignment of error, but subsequently withdrew it. *See* Dkt. ## 13, 14.

Plaintiff argues that although he does not concede that these conditions are not severe, even if they are not severe, the ALJ erred in failing to account for limitations caused by these conditions in the RFC assessment. Dkt. 11 at 10. He contends that his testimony about his difficulty concentrating, persisting, and maintaining pace is "objective evidence" pertaining to the limitations caused by the omitted conditions. *Id.*

Plaintiff's argument is misguided. His own testimony is not "objective evidence," it is subjective and was discounted by the ALJ for multiple reasons not challenged by Plaintiff. (*See* AR 29-35.) Plaintiff cites no actual objective evidence establishing the existence of any particular limitations caused by either his sleep apnea or restless leg syndrome; none of the treatment notes mention any potential symptoms beyond those discussed by the ALJ, and those treatment notes reference only Plaintiff's self-report of those symptoms. (*Compare* AR 29-34 (ALJ's decision discussing Plaintiff's alleged symptoms) *with* AR 331-35, 338-80, 441-50 (treatment notes mentioning Plaintiff's sleep apnea and/or restless leg syndrome).) Because the ALJ explained why she discounted Plaintiff's self-report, and Plaintiff has not challenged that reasoning, Plaintiff has not established error in the ALJ's failure to account for symptoms established only by his self-report. *See Britton v. Colvin*, 787 F.3d 1011, 1013-14 (9th Cir. 2015).

<u>Step three</u>

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted).

The claimant bears the burden of proof at step three. *Bowen*, 482 U.S. at 146 n.5. A mere

diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). "'[An impairment] must also have the *findings* shown in the Listing of that impairment.'" *Id*. at 1549-50 (quoting § 404.1525(d); emphasis added in *Key*). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. at 530 (emphasis in original).

In this case, the ALJ found that Plaintiff's dizziness, post-concussion syndrome, and tinnitus did not meet the requirements of *inter alia* the listings in Section 11.00 for neurological disorders. (AR 27.) Plaintiff argues that the ALJ erred in failing to explain why he did not satisfy any of the neurological listings.

Even if the ALJ did err in failing to explain why Plaintiff did not satisfy any of the listings in Section 11.00, Plaintiff has not shown that he actually does meet or equal any of the listings described in Section 11.00, and therefore has failed to show how he was prejudiced by the ALJ's failure to specifically address the requirements of those listings. Although he speculates that "it is possible" he meets one of those listings (Dkt. 11 at 8), he does not cite any evidence to support this speculation. Accordingly, Plaintiff has failed to meet his burden to show a harmful error at step three. *See Browning v. Astrue*, 2010 WL 1511667, at *6 (D. Ariz. Apr. 15, 2010) (". . . [E]ven if the ALJ's discussion at step three was insufficient as it relates to either the heart or spinal impairments, this error was harmless because . . . the record is devoid of evidence establishing that [the claimant's] impairments met or equaled any listed impairment, and [the claimant] points the Court to none.").

/ / /

/ / /

/ / /

/ / /

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this <u>9th</u> day of April, 2018.

Mary Alice Theiler
United States Magistrate Judge